UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AL GLOBAL CORPORATION,<br>Plaintiff,<br>v.<br>UNITED STATES OF AMERICA<br>Defendant. | Case No.: 25-cv-0364-GPC-MMP<br><br>**ORDER GRANTING IN PART DEFENDANT'S MOTION TO EXTEND FACT DISCOVERY DEADLINE**<br><br>[ECF No. 36] |

On September 18, 2026, Defendant filed a motion to extend the fact discovery deadline by forty-nine (49) days, from September 18, 2026, to November 6, 2026. ECF No. 36. On September 25, 2026, the Court held a Status Conference and Discovery Conference relating to two disputes. ECF No. 38. Following the conference, the Court set a briefing schedule on the pending motion and amended the fact discovery deadline to remain open for "*only* outstanding discovery requests or procedural issues relating to already-issued third-party subpoenas" until the Court rules on the instant motion. ECF No. 39 at 2. Plaintiff filed its response to the motion on October 1, 2026. ECF No. 41. Defendant filed its reply on October 7, 2026. ECF No. 44. This is Defendant's third request to amend the scheduling order. ECF Nos. 22, 24, 36.

Having considered the motion and opposition, and for the reasons stated below, the Court **GRANTS IN PART** and **DENIES IN PART** Defendant's motion to modify the scheduling order.

## I. LEGAL STANDARD

Rule 16(b)(4) provides a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4); *see also* Scheduling Order, ECF No. 21 ¶ 18 ("The dates and times set forth herein will not be modified except for good cause shown."). "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). "The pretrial schedule may be modified if it cannot reasonably be met despite the diligence of the party seeking the extension." *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002) (citation modified).

"In addition to being required to establish good cause, a party moving to extend time after a scheduling order deadline has passed must demonstrate excusable neglect." *LaNier v. United States*, No. 15-cv-360-BAS-BLM, 2017 WL 951040, at *2 (S.D. Cal. Mar. 10, 2017) (citation omitted); *see also* Fed. R. Civ. P. 6(b)(1)(B) ("When an act may or must be done within a specified time, the court may, for good cause, extend the time: . . . (B) on motion made after the time has expired if the party failed to act because of excusable neglect."). Thus, when the scheduling order deadline has passed, the moving party must establish both good cause *and* excusable neglect. *See* Fed. R. Civ. P. 6(b)(1)(B); *LaNier*, 2017 WL 951040, at *2. A "determination of whether neglect is excusable is an equitable one that depends on at least four factors: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith." *Bateman v. United States Postal Serv.*, 231 F.3d 1220, 1223–24 (9th Cir. 2000). The weight of these factors is left to the court's discretion. *Pincay v. Andrews*, 389 F.3d 853, 860 (9th Cir. 2004).

## II. ANALYSIS

Defendant filed the instant motion on September 18, 2026, requesting an extension related to four third-party subpoenas served on August 31, 2026,[1] and September 1, 2026,[2] and various unscheduled depositions. ECF Nos. 31–33; 36 at 5.

On September 4, 2026, two weeks before Defendants filed the instant motion, the Court granted in part Defendant's second request for an extension of time for fact discovery, extending the previous deadline by thirty (30) days. ECF No. 35 at 3–4. The amended deadline was September 18, 2026. *Id.* at 4.

As per the undersigned's Chambers Rules, "[a]ny motion filed fewer than seven calendar days in advance of the dates and deadlines at issue must address excusable neglect for the untimely request." Civil Chambers Rules IX.A, citing Fed. R. Civ. P. 6(b)(1)(B). Defendant argues the instant motion for a third extension satisfies both the good cause and excusable neglect standards as (1) Plaintiff would not be prejudiced by the extension, (2) the length of delay is minimal and will not affect any remaining deadlines, (3) "the delay is related to the United States' attempts to streamline the remaining discovery issues, coordinate subpoena responses, and obtain the IRS's views[,]" and (4) "the United States' conduct was in good faith." ECF No. 36 at 6–8.

First, both parties are aligned regarding fact depositions and agree "to meet and confer to schedule any necessary fact depositions on mutually available dates." ECF Nos. 41 at 2; 44 at 1. Both parties also agree expert deadlines should not be revised. ECF Nos. 41 at 3–4; 36 at 6; 44 at 1. Plaintiff's response "proposes a limited, final extension with guardrails[,]" which indicates Plaintiff will tolerate extended limited fact discovery. ECF No. 41 at 1. While Plaintiff maintains its objection that Defendant "did not diligently

---

[1] On August 31, 2026, Defendant filed a Notice of Intent to Serve Subpoena on Baker Tilly US LLC. ECF No. 31.

[2] On September 1, 2026, Defendant filed two Notices of Intent to Serve Subpoenas on Automatic Data Processing (ADP), Economic Incentives Advisory Group (EIAG), and Youngevity International Inc. ECF Nos. 32–33.

complete fact discovery within the substantial time the Court has already allowed," the Court does not find Plaintiff would be prejudiced by additional discovery, nor did Plaintiff allege any prejudice.

However, the parties disagree as to the scope of the extended fact discovery. Plaintiff requests the Court grant only a limited extension, conforming to its September 25, 2026 order, and Defendant argues Plaintiff's "request to preclude the United States from conducting further fact discovery absent Court order" "contravenes the federal rules." ECF Nos. 41 at 2; 44 at 3, 4.

The Court is not persuaded by Defendant's contentions that "Plaintiff's request to limit the United States' ability to conduct fact discovery by requiring advance leave of Court undercuts the purpose of the requested extension and stifles judicial efficiency." ECF No. 44 at 2. While Defendant accurately quotes applicable case law, and the federal legal system's view on liberal discovery, *see* Fed. R. Civ. P. 26(b)(1) and *Hickman v. Taylor*, "discovery, like all matters of procedure, has ultimate and necessary boundaries." 329 U.S. 495, 507 (1947). Here, Defendant's request is the third of its kind to extend fact discovery. ECF Nos. 22, 24, 36. Plaintiff's proposal and the Court's September 25, 2026 order limiting discovery to "*only* outstanding discovery requests or procedural issues relating to already-issued third-party subpoenas" reflects the Court's desire to keep this case on schedule. EFC Nos. 44 at 2; 39 at 2. Limiting discovery to the respective subpoenas and unscheduled depositions is one such "necessary boundar[y]" of procedure. *Hickman*, 329 U.S. at 507.[3]

Second, as best as the Court can understand, with regards to *Bateman's* delay factor, Defendant seems to argue the delay was minimal because the instant motion was filed (1) only two weeks after the Courts September 4, 2026 Order, (2) only "one week after the Court's Chambers Rules deadline," and (3) "before the discovery deadline expires." ECF

---

[3] While *Hickman* dealt with constructing boundaries for attorney-client privilege and the work-product doctrine, constraining the scope for fact discovery after multiple rounds of deadline extensions is an appropriate boundary in this case. 329 U.S. at 511–10, 507.

No. 36 at 7. However, Defendant fails to address the reason for the two-week delay and filing on the date of the fact discovery deadline, when the Defendant was aware of its three outstanding third-party subpoenas and its difficulty locating EIAG. ECF No. 36 at 5.

Third, Plaintiff correctly identifies the Court indicated limited additional discovery would be appropriate regarding the four third-party subpoenas and unscheduled depositions. ECF No. 41 at 3. Moreover, the Court adheres to its earlier statements that discovery shall not be reopened beyond limited parameters and shall limit discovery "to *only* outstanding discovery requests or procedural issues relating to already-issued third-party subpoenas," as per the Court's previous order. ECF No. 39 at 2.

Lastly, the Court finds no justification for constraining the supplementation period for expert designation or disclosure as Plaintiff requests. ECF No. 41 at 3–4; *see* Fed. R. Civ. P. 26(e)(2), 26(a)(3). The Court finds adhering to the current expert schedule and Rule 26(e)(2) will ensure both parties have adequate time to supplement any necessary expert designations or disclosures. *See* Fed. R. Civ. P. 26(e)(2).

Therefore, taking into consideration the Defendant's difficulty in locating EIAG, and apparent relevance of the third-party subpoenas regarding Plaintiff's refund claims,[4] the Court **GRANTS IN PART** Defendant's Motion to Extend Fact Discovery Deadline. The Court **EXTENDS** the fact discovery deadline to **November 6, 2026**, for the four third-party subpoenas, Baker Tilly US LLC, ADP, EIAG, and Youngevity International Inc., as well as any remaining fact depositions that were unscheduled prior to this Order. At the October 30, 2026 Status Conference, the Court will discuss with the parties the need for a brief extension of this deadline for the limited purpose of completing depositions.[5]

---

[4] Defendant claims ADP records "are necessary to verify qualified wages," Baker Tilly US LLP should have facts related to Plaintiff's "Form 1120 U.S. Corporation Income Tax Return," EIAG "prepared [] Plaintiff's ERTC claims," and Youngevity International, Inc. is "Plaintiff's parent company, which is expected to have the requisite information concerning the aggregated entities' structure and related gross receipts." ECF No. 36 at 4.

[5] Plaintiff has filed a motion for a protective order regarding three of the subpoenas. ECF No. 42. In the Defendant's Response, it appears more time will be needed for depositions

## III. CONCLUSION AND ORDER

The Court **GRANTS IN PART** the Motion and **AMENDS** the deadline below as follows:

| Scheduling Order Event | Previous Deadline | Amended Deadline |
|---|---|---|
| Fact Discovery Completion | September 18, 2026 | November 6, 2026 |

All other scheduling dates of the Court's Scheduling Order, ECF No. 35, remain in effect.

**IT IS SO ORDERED.**

Dated: October 27, 2026

HON. MICHELLE M. PETTIT
United States Magistrate Judge

based on Baker Tilly US LLP and Economics Incentives Advisory Group requiring a court order to respond to the subpoenas. ECF No. 46 at 3.